ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| American Green Land Construction Co. | ) ASBCA No. 60986 |
| | ) |
| Under Contract No. W91JA4-11-C-7153 | ) |

APPEARANCE FOR THE APPELLANT:       Mr. Haafiz
                                    Corporate Officer

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
                                    Army Chief Trial Attorney
                                    CPT Sarah E. Park, JA
                                    Trial Attorney

### OPINION BY ADMINISTRATIVE JUDGE O'CONNELL ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves to dismiss this appeal for lack of jurisdiction, contending that appellant, American Green Land Construction Co., did not submit a claim to a contracting officer prior to filing this appeal. We grant the motion.

### STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. On 17 May 2011, the Department of the Army awarded Contract No. W91JA4-11-C-7153 to appellant for the construction and installation of a security perimeter wall, gate, and guard tower around a water waste treatment facility in Afghanistan for a total contract value of 7,131,286 Afghani or about $145,000 (R4, tab 1 at 1-3, 33[1]). The contract incorporated standard Federal Acquisition Regulation clauses 52.233-1, DISPUTES (JUL 2002); and 52.249-1, TERMINATION FOR CONVENIENCE OF THE GOVERNMENT (FIXED-PRICE) (SHORT FORM) (APR 1984) (*id.* at 20).

2. By memorandum dated 2 September 2011, the government terminated the contract for its convenience (R4, tab 7 at 5). In an email dated 6 September 2011, appellant submitted a termination settlement proposal, seeking payment for incurred costs in the total amount of $141,242. Appellant did not certify its proposal.[2] (R4, tab 8).

---

[1] Citations to the Rule 4 file are to the consecutively-numbered pages.

[2] Although not directly relevant because we conclude that we lack jurisdiction, we observe that the Rule 4 file contains what appears to be a signed bilateral modification dated 29 September 2011 reflecting a no cost settlement of the termination (R4, tab 12).

3. On 10 January 2017, appellant filed what it referred to as a claim letter with the Board, which the Board docketed as a notice of appeal. It attached a number of documents to the notice, including copies of email correspondence between appellant and the contracting officer and an undated document styled as a claim letter with an apparent defective Contract Disputes Act (CDA) certification.[3] In the claim letter, appellant seeks payment in the amount of $140,909 and stated that it had received no response from the government to its 6 September 2011 settlement proposal. There is nothing in the record that demonstrates that appellant previously submitted this claim to the contracting officer.

4. The government has filed a declaration from contracting officer Celeste R. Hobert of the Army Contracting Command – Rock Island in which Ms. Hobert testifies she reviewed the contract file but did not find a claim from appellant (R4, tab 15).

## DECISION

The government contends that we lack jurisdiction because appellant failed to submit a claim to the contracting officer prior to the filing of the appeal. The Board's jurisdiction under the CDA is dependent upon a contractor's prior submission of a proper claim to a contracting officer for a decision. 41 U.S.C. § 7103(a); *Lael Al Sahab & Co.*, ASBCA No. 58346, 13 BCA ¶ 35,394 at 173,662. As the proponent of our jurisdiction, appellant bears the burden of establishing jurisdiction by a preponderance of the evidence. *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816. We conclude that appellant has not met this burden. There is no evidence in the record that demonstrates that appellant ever submitted to the contracting officer the undated claim included with its notice of appeal to the Board. Accordingly, we lack jurisdiction to entertain the appeal.[4]

---

[3] The CDA requires a contractor asserting a claim over $100,000 to certify that:
"(A) the claim is made in good faith; (B) the supporting data are accurate and complete to the best of the contractor's knowledge and belief; (C) the amount requested accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable; and (D) the certifier is authorized to certify the claim on behalf of the contractor." 41 U.S.C. § 7103(b)(1).

[4] Although appellant did not make this contention, we have considered whether its termination settlement proposal could be a basis for our jurisdiction. *See James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1543-44 (Fed. Cir. 1996). However, because appellant did not certify its proposal we lack jurisdiction. 41 U.S.C. § 7103(b).

2

## CONCLUSION

The government's motion is granted. The appeal is dismissed without prejudice to the contractor's submission of a certified claim to the contracting officer for a final decision.

Dated: 10 May 2017

MICHAEL N. O'CONNELL
Administrative Judge '
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60986, Appeal of American Green Land Construction Co., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3